UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

QUI LEWIS,

          Plaintiff,

v.

METRO TRANSIT POLICE, CITY OF
ANOKA, MPD OFFICERS, SGT. DAVID
HUTCHINSON, OFFICER CANON
YANG, OFFICER ANDREW CARLSON,
OFFICER JORDAN TRAMMEL,
OFFICER CAROLINE PRUTER, *in their
individual and official capacities*, CITY OF
MINNEAPOLIS,

          Defendants.

Case No. 16-cv-2817 (DSD/TNL)

REPORT AND
RECOMMENDATION

On August 22, 2016, Plaintiff filed her Complaint in this matter. (ECF No. 1). Plaintiff applied to proceed *in forma pauperis* ("IFP"), and was granted IFP status on September 9, 2016. (ECF Nos. 2, 5). On that same day, Plaintiff was provided U.S. Marshal Service Forms to complete and return to the Clerk of Court. (ECF No. 6). Plaintiff was also referred to the Federal Bar Association's *Pro Se* Project, "a program of volunteer lawyers who donate their time to assist unrepresented individuals." (ECF No. 7). Defendants Metro Transit Police, Sgt. David Hutchinson, Officer Canon Yang, Officer Andrew Carlson, Officer Jordan Trammel, and Officer Caroline Pruter (hereinafter "Metro Transit Defendants") answered the Complaint on October 13, 2016. (ECF No. 8). To date, there has been no answer by Defendants City of Anoka, MPD

1

Officers, or City of Minneapolis. Nor does the docket reflect that service has been effected upon these defendants.

Given the answer by Metro Transit Defendants, the Court set a pretrial scheduling conference for December 5, 2016. (Rule 16 Order, ECF No. 10). In the Rule 16 Order, the parties were ordered to "meet no later than 21 days before the pretrial conference, to discuss settlement, and to prepare the report required by Rule 26(f) and Local Rule 16.2." (Rule 16 Order, § II(A)). Additionally, each party was ordered to "submit a Letter/Memorandum concerning settlement" no later than seven days before the pretrial conference. (Rule 16 Order, § II(D)). The Court indicated that:

> Failure to comply with any provision of this Order or any other consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that the Court may from time to time deem appropriate.

(Rule 16 Order, § IV).

On December 2, 2016, Metro Transit Defendants filed a Rule 26(f) report indicating that

> [d]espite attempts to contact Plaintiff by phone and e-mail, we did not receive a response from her. We even communicated with her boyfriend, Tylon Newcomb, who has also filed suit for this same incident against these Defendants. . . . Mr. Newcomb indicated he did not believe Plaintiff would be attending the Pretrial Conference because she would be at work. . . .

(ECF No. 11, at 1). The Court held its pretrial conference on December 5, 2016. (ECF No. 12). Plaintiff did not appear. (ECF No. 12).

The Court then issued an Order to Show Cause directing Plaintiff to

> ***personally appear*** and show cause why her case should not be dismissed for failure to abide by this Court's Notice of and Order for Pretrial Scheduling Conference, (ECF No. 10): namely, for failing to meet and confer with Defendant's counsel to complete a Rule 26(f) report, for failing to submit a confidential letter concerning settlement, and for failure to appear at the pretrial conference on December 5, 2016.

(ECF No. 13, at 3) (emphasis in original). Plaintiff was to "show cause in writing why her case should not be dismissed" no later than January 13, 2017, and was to appear personally on January 26, 2017. (ECF No. 13, at 3). The Court again indicated that

> Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

(ECF No. 13, at 3–4).

The Order to Show Cause was returned as undeliverable at two different addresses. (ECF No. 15, 16). The Court then issued an Amended Order to Show Cause rescheduling the show cause hearing and directing Defendants to attempt to serve the Amended Order to Show Cause on Plaintiff. (ECF No. 17). Under the new schedule, Plaintiff was to "show cause in writing why her case should not be dismissed" no later

3

than February 1, 2017, and was to appear personally on February 8, 2017. (ECF No. 17, at 3). The Amended Order to Show Cause was returned as undeliverable. (ECF No. 18).

The Court held a show cause hearing on February 8, 2017 at the scheduled time and Plaintiff was not present. (ECF No. 20). The Court then recessed for 15 minutes to allow Plaintiff additional time to appear. (ECF No. 20). Plaintiff never arrived. (ECF No. 20). The Court's minute entry for the show cause hearing was returned as undeliverable. (ECF No. 21).

Following the hearing, counsel for Metro Transit Defendants submitted an affidavit detailing his attempts at serving Plaintiff. (Affidavit of Jason M. Hiveley, ECF No. 22). Of importance to this Report and Recommendation, "[s]ince this suit was filed, and as of [February 15, 2017], Plaintiff has never communicated with [Metro Transit Defendants] in any manner despite [their] repeated good faith attempts to contact her by phone, e-mail and U.S. Mail." (Hiveley Aff. ¶ 13). Additionally, counsel noted that "[b]ased on the lack of communication from Plaintiff and the statements from her ex-boyfriend regarding his involvement with her lawsuit, it is [Metro Transit Defendants'] belief Mr. Newcomb filed this lawsuit for her and Plaintiff may not actually know the lawsuit exists." (Hiveley Aff. ¶14).

A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be

doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984); *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). The Eighth Circuit has stressed the importance of the sanction's proportionality to the conduct at issue. *Smith*, 526 F.3d at 405. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)).

In this case, Plaintiff has failed to prosecute. Since filing her Complaint, Plaintiff has not provided any information that the remaining defendants— City of Anoka, MPD Officers, or City of Minneapolis—have been served, let alone that these defendants have been served within the time permitted under Fed. R. Civ. P. 4(m). More than six months has elapsed since suit was filed and there is no indication that these defendants have been served. More importantly, Plaintiff failed to participate in the Rule 26(f) meeting with counsel for Metro Transit Defendants as required by the Federal Rules of Civil Procedure and this Court's Rule 16 Order. Additionally, Plaintiff did not submit a confidential letter

as required by the Rule 16 Order. Further, Plaintiff failed to appear for the pretrial conference with the Court. When the Court scheduled a show cause hearing for Plaintiff to explain her failures to comply with the Federal and Local Rules and this Court's Rule 16 Order, Plaintiff again did nothing. These failures came at the expense of the resources and time of the Metro Transit Defendants and the Court. Plaintiff simply has not participated in her lawsuit in any way whatsoever since filing the complaint and seeking IFP status.

Moreover, Plaintiff has failed to keep this Court apprised of her current mailing address, depriving the Court of any ability to communicate with her. "Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached." *Grace v. New York*, 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010) (collecting cases). Indeed, "[t]he fact that Plaintiff has not kept the court advised of h[er] current address suggests that [s]he may have lost interest in pursuing the claims asserted in h[er] complaint." *Love v. Fed. Bureau of Investigation*, 2002 WL 2030828, at *1 (N.D. Tex. Sept. 3, 2002). As noted by counsel for Metro Transit Defendants, Plaintiff's complaint mirrors a complaint filed by her ex-boyfriend in this District, raising the question as to whether she was the party that filed suit. (*Tylon Larrice Newcomb v. City of Anoka et al.*, Case No. 16-cv-811 (JNE/FLN)).[1]

---

[1] In that case, much like this case, it appears that Mr. Newcomb has failed to keep the Court apprised of his mailing address as well. (*See* Case No. 16-cv-811 (JNE/FLN), ECF Nos. 53, 54, 55). In another similarity, Mr. Newcomb has a second case before the undersigned in which he has failed to keep the Court informed of his address. (*See* Case No. 16-cv-2816 (PAM/TNL)).

Given Plaintiff's apparent failure to comply with Rule 4(m) as to the remaining defendants, her failure to comply with the Rule 16 Order, her failure to comply with the Amended Order to Show Cause, and her failure to keep the Court apprised of her current mailing address, the Court concludes dismissal for failure to prosecute is warranted. Now, the Court must determine how that dismissal is put into effect. *Hunt*, 203 F.3d at 527. The Court concludes, given Plaintiff's pro se status, that dismissal without prejudice is appropriate. Dismissal without prejudice appropriately balances this Court's need for efficient and effective docket control with Plaintiffs' access to justice. *Id.*; *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (noting purpose of imposing sanctions is to deter future offensive conduct by the responsible individual and others).

[Continued on next page.]

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint, (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE**.

Date: April 4, 2017                             *s/ Tony N. Leung*
                                                Tony N. Leung
                                                United States Magistrate Judge
                                                District of Minnesota

                                                *Lewis v. Metro Transit Police et al.*
                                                Case No. 16-cv-2817 (DSD/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.